■ Maria Fiorenza, Appellant, v A&A Consulting Engineers, P.C., Respondent, et al., Defendant. [909 NYS2d 356]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered July 7, 2009, which, to the extent appealed from as limited by the briefs, granted defendant A&A's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In opposition to the prima facie showing that A&A (the remaining defendant in this action) had complied with its contractual obligations, plaintiff failed to raise a triable question of fact by offering competent evidence, in admissible form, that, if credited by a jury, would be sufficient to rebut the movant's proof (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Indeed, despite accusing A&A of various wrongdoing, plaintiff was unable to produce any documentary evidence or affidavit, expert or otherwise, that A&A had somehow been deficient in the manner in which it performed its contractual obligations. Moreover, the February 5, 2004 contract between the parties included a limitation-of-liability clause, which is ordinarily enforced unless it expresses an intention to relieve a party of its own grossly negligent conduct (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]). Plaintiff's claims of breach of contract against A&A, even if true, do not indicate a reckless disregard for the rights of others or smack of intentional wrongdoing such as would constitute gross negligence. Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ. **[Prior Case History: 24 Misc 3d 1203(A), 2009 NY Slip Op 51237(U).]**